IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL GOVER,

       Petitioner,

                                                      Case No. 2:14-cv-2686
  v.                                            Judge Marbley
                                                      Magistrate Judge King

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

       Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the *Petition*, ECF No. 1, and as amended by ECF No. 16, Respondent's *Motion to Dismiss*, ECF No. 8, Petitioner's *Response in Opposition*, ECF No. 14, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, ECF No. 8, be **GRANTED** and that this action be **DISMISSED** as untimely.

**Facts and Procedural History**

Petitioner challenges his convictions in the Franklin County Court of Common Pleas as a repeat violent offender on charges of aggravated murder and tampering with evidence.  He is currently serving a term of life imprisonment without parole on the aggravated murder conviction. ECF No. 8-1, PageID# 140.  On August 22, 2006, the state appellate court affirmed the judgment of the trial court.  *State v. Gover*, No. 2:05-AP-1034, 2006 WL 2411531 (Ohio App. 10th Dist. Aug. 22, 2006).  Petitioner did not file a timely appeal to the Ohio Supreme Court and, on July 25, 2007, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal. *State v. Gover,* 114 Ohio St.3d 1476 (Ohio 2007).

Petitioner pursued collateral relief. On June 23, 2006, he filed a *Petition for Post Conviction Relief*. ECF No. 8-1, PageID# 376. On September 22, 2006, the trial court denied that petition as barred by the doctrine of *res judicata* and as untimely. *Id.* at PageID# 430. Petitioner did not file an appeal from that decision. On November 29, 2006, Petitioner filed a second *Petition for Post Conviction Relief, id.* at PageID# 432, and on September 4, 2008, Petitioner filed yet another *Petition for Post Conviction Relief. Id.* at PageID# 444. On October 28, 2008, the trial court denied both petitions as untimely and as successive. *Id.* at PageID# 552. Petitioner timely appealed from that decision. *Id.* at PageID# 553. However, on January 20, 2009, the appellate court dismissed the appeal on the ground that Petitioner had failed to file an appellate brief. *Id.* at PageID# 566. The next day, Petitioner requested an extension of time to file the appellate brief. *Id.* at PageID# 567. On January 29, 2009, Petitioner filed an *Application for Reconsideration*. *Id.* at PageID# 568. On February 2, 2009, the appellate court denied Petitioner's motion for extension of time as moot. *Id.* at PageID# 573. On June 3, 2009, the Ohio Supreme Court dismissed Petitioner's appeal. *Id.* at PageID# 587. The state court of appeals summarized Petitioner's proceedings thereafter:

> On June 10, 2012, defendant filed his fourth petition for post-conviction relief. Plaintiff-appellee, State of Ohio ("State"), filed an answer and motion to dismiss the petition. On June 20, 2012, defendant filed a motion for new trial, which the State opposed.
>
> On August 15, 2012, the trial court denied the motion for new trial and the petition for post-conviction relief. The trial court noted that defendant's motion for new trial was untimely, and thus barred by Crim.R. 33(D), and that defendant had not demonstrated that he had been unavoidably prevented from learning of [alleged new evidence]. The trial court dismissed defendant's fourth petition for post-conviction relief noting that it was untimely and that the doctrines of waiver and res judicata applied.

*State v. Gover*, No. 12AP-777, 2013 WL 3968168, at *3 (Ohio App. 10th Dist. Aug. 1, 2013). On August 1, 2013, the appellate court affirmed the judgment of the trial court. *Id*. On December 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal from that judgment. *State v. Gover,* 137 Ohio St.3d 1442 (Ohio 2013); ECF No. 8-1, PageID# 765. On March 6, 2013, Petitioner filed a *Motion for Reconsideration [based on] Newly Discovered Evidence*. ECF No. 8-1, PageID# 766. On April 2, 2013, the trial court denied the motion as untimely and as barred by *res judicata*. *Id.* at PageID# 785. The state appellate court granted the State's motion to dismiss the appeal for lack of an appealable order. *Id.* at PageID# 818. The trial court denied Petitioner's motion for a final appealable order, reasoning that the motion for reconsideration was a nullity. *Id.* at PageID# 824.

Meanwhile, on June 27, 2007, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Id.* at PageID# 258. On August 23, 2007, the state appellate court denied that application as untimely. *Id.* at PageID# 372. Petitioner did not file an appeal from that decision.[1]

Petitioner executed the original habeas corpus Petition on December 18, 2014. *Petition,* ECF 1, PageID# 15. He alleges that he was denied the effective assistance of counsel because his attorney failed to obtain the assistance of a mental health expert and failed to submit 911 tapes; Petitioner also alleges that he is actually innocent and that the trial court erred when it overruled his motion for acquittal and when it failed to instruct the jury on the lesser included offense of voluntary manslaughter. Respondent contends that this action is barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d).

---

[1] On October 14, 2010, Petitioner filed *a Motion to Vacate a Void Sentence and to Resentence Defendant with Full Allocution Rights and Lawful Entry*. ECF 8-1, PageID# 588.  It does not appear that the trial court has ruled on this motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions.

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner challenges his 2005 convictions in the Franklin County Court of Common Pleas. Petitioner's conviction became final, pursuant to the provisions of § 2244(d)(A), on October 6, 2006, *i.e.,* forty-five days after the appellate court's August 22, 2006, denial of his direct appeal, when the time for filing a timely appeal with the Ohio Supreme Court expired. *See Keeling v. Warden, Lebanon Correctional Inst.,* 673 F.3d 452, 459-60 (6th Cir. 2012)(citing *Gonzalez v. Thaler,* 132 S.Ct. 653-54 (2012)); Ohio S. Ct. Rule 6.01(A)(1). The statute of limitations therefore began to run on the following day and expired one year later, on

October 7, 2007. Petitioner waited more than seven (7) years later to file this federal habeas corpus action.

Moreover, none of Petitioner's subsequent filings tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), either because the state courts dismissed all such actions as untimely or because Petitioner filed those action after the statute of limitations had already expired. Post conviction and collateral actions denied as untimely by the state courts are not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2), and therefore do not toll the running of the statute of limitations. "[T]ime limits, no matter their form, are 'filing' conditions," and where the state court rejects a post conviction or collateral action as untimely, it is not "properly filed" so as to toll the running of the statute of limitations" under § 2244(d)(2). *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2008). *See also Isreal v. Warden, Lebanon Correctional Inst.,* No. 2:13-cv-50, 2013 WL 578594, at *4 (S.D. Ohio Oct. 28, 2013)(citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(*per curiam*)(concluding that a motion for a delayed appeal denied by the Ohio Supreme Court as untimely does not toll the running of the statute of limitations under § 2244(d)(2)). Similarly, state collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)("The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

In short, this action was untimely filed.

The one-year statute of limitations may be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order to effectively invoke the protection of the doctrine

5

of equitable tolling of the statute of limitations, however, a petitioner must establish that he has diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing. *Id*. at 649 (citing *Pace v. DiGuglielmo,* 544 U.S. at 418). "[P]etitioner bears the. . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Moreover, equitable tolling is to be only sparingly applied. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000). The Supreme Court has allowed equitable tolling where a litigant actively pursued judicial remedies by filing a timely, but flawed, pleading or where a claimant was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). On the other hand, where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst*., 662 F.3d 745, 751 (6th Cir. 2011). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary circumstance beyond the petitioner's control. *Lowe v. State*, No. 2:12-cv-142, 2013 WL 950940, at *7 (S.D. Ohio March 12, 2013)(citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)). *See also Johnson v. United States*, 544 U.S. 295, 311 (2005)("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness").

Petitioner urges the Court to equitably toll the running of the statute of limitations because he is learning disabled and has mental health issues. *Response,* ECF No. 15, PageID#

1864.  Consequently, Petitioner argues, he lacks the ability to file appeals without the assistance of counsel.  *Id.* at PageID# 1864-65.  In this regard, Petitioner refers to the *Declaration of Lee D. Williams,* Petitioner's "jailhouse attorney,"  *id.* at PageID# 1863,  who states that Petitioner is learning disabled and unable to represent himself without assistance.  According to Williams, Petitioner "has difficulty holding an issue[.]   [W]ithin 5 minutes, he [does] not remember the issue that was discussed."  *Id*.

However, the record also includes an August 2005 psychological evaluation of Petitioner by Ken Tecklenburg, Ph.D.  *Id.* at PageID# 313-340. In his 2005 compenency report to the trial court, Dr. Tecklenburg concluded that Petitioner is not mentally retarded and does not suffer from a severe mental illness.  According to Dr. Tecklenburg, Petitioner is capable of understanding the nature of the legal proceedings and of assisting counsel in his own defense.  *Id.* at PageID# 313.  Dr. Tecklenburg specifically noted, *inter alia*, that Petitioner has an eighth grade education, obtained a GED while in prison, and went on to take college courses through Columbus State Community College.  *Id.* at PageID# 323.  Moreover, Petitioner was able to provide a well written narrative of his history and problems.  *Id*.  Petitioner showed no difficulties focusing on questions and no "thought blocking, thought interruptions[; no] thought interferences were noted."  *Id*.

> The defendant's rate and volume of conversation was normal. There were no defects in grammar, articulation, or vocabulary. There was no disorder of the flow of the conversations noted, such as confusion, flight of ideas, loose association or bizarre responses. He understood questions well and responded with appropriate answers.  There was no indication of any thought disruptions or speech disruptions due to perceptual or thought impairments.

*Id.* at PageID# 326.  According to Dr. Tecklenburg, Petitioner's intellectual test results suggested that "his overall intellectual functioning is between the average and low average range of

7

intellectual functioning. . . . He is most appropriately functioning in the low average range of intellectual functioning." *Id.* at PageID# 331. Petitioner was able to understand and respond to questions and did not manifest severe confusion. *Id.* at PageID# 332. Testing suggested that Petitioner was feigning symptoms of a psychiatric disorder or was attempting to fabricate or grossly exaggerate psychological symptoms. *Id*. at PageID# 333. "The defendant is functioning with normal intelligence in approximately the low average range. His attention, immediate, and remote memories are intact, as is his concentration." *Id.* at PageID# 339.

Based on this record, and on Petitioner's demonstrated ability to file numerous *pro se* actions in the state courts, this Court concludes that Petitioner has failed to establish that the Court should equitably toll the running of the statute of limitations based upon his mental health issues or on any alleged learning disability.

Moreover, the record fails to reflect that Petitioner has diligently pursued relief. Although Petitioner filed repeated and fruitless proceedings in the state courts, he nevertheless waited more than seven (7) years after his conviction became final to initiate these habeas corpus proceedings.

In short, the Court concludes that the action must be dismissed as untimely.

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Dismiss,* ECF No. 8, be **GRANTED** and that this action be **DISMISSED** as untimely.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this *Report and Recommendation*, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s). A judge of this Court will make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

     *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
September 9, 2015